BOARD OF TAX APPEALS.

**PALERMO, Plaintiff-Appellee, v. PALERMO, Defendant-**

**Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20165.  Decided April 8, 1946.

L. A. Perry, Cleveland, for plaintiff-appellee.
Davis & Davis, Cleveland, J. F. Azzarello, Cleveland, for defendant-appellant.

## OPINION

By THE COURT:

The plaintiff appellee filed his petition for divorce in the Common Pleas Court of Cuyahoga County, case No. 548144 against the defendant appellant, Josephine Palermo on February 21, 1945. Personal service was had on the defendant. On June 18, 1945, the plaintiff was granted a divorce by the Court on the ground of gross neglect of duty and extreme cruelty, "the defendant being in default of answer or demurrer."

The Court also in its Journal Entry ordered the defendant to convey her one-half interest in the property occupied by the parties as a home at 366 Broadway, Bedford, Ohio, and decreed that if this were not done in five days from the date of the journal entry the decree should operate as a conveyance.

On July 3, 1945, the defendant filed her motion asking the court to vacate said decree of divorce and for cause stated "that said decree was granted through fraud perpetrated on the court and on the defendant." Accompanying the motion to vacate, the attorneys for the defendant filed their joint affidavit in which they averred that the defendant in this action was plaintiff in an earlier action for divorce against her husband in case No. 545176 in Common Pleas Court of Cuyahoga County. That this action was filed by plaintiff's attorneys with knowledge that defendant's prior action for divorce was pending in the Common Pleas Court. That the attorney who represented the plaintiff in this action filed a motion to dismiss the amended petition filed in case No. 545176 and that the said motion was denied by the court on May 11, 1945. That during the hearing on said motion the court advised plaintiff's attorney that case No. 545176 was properly in court and "would take precedence over the later case." That after the denial by the Court of the motion to dismiss the amended petition in case No. 545176 the affiants as attorneys for Josephine Palermo, defendant ap-

pellant herein, were in touch with Tony Palermo, plaintiff appellee herein "in an attempt to adjust the difficulties of the parties involved." That this action was heard on June 12, 1945, as an uncontested case and without the knowledge of the defendant or her attorneys.

The motion to vacate the judgment was overruled and the defendant appealed.

It was conceded on the oral argument in this court that the first filed case, No. 545176, was pending when this case was heard below and that this fact was known to the trial judge.

It is obvious that the effect of the decree of divorce granted in this case (No. 548148) also disposed of case No. 545176. This was done without Case No. 545176 being called and without a hearing in that case.

It is our opinion that it was an abuse of discretion for the trial court to enter a judgment in this case which in effect was a dismissal of defendant appellant's petition in case No. 545176, without calling that case for hearing and without giving her or her attorneys any notice that the case would be heard and disposed of.

For the reasons stated this case is reversed and the judgment vacated. The case is remanded for further proceedings in the common pleas court in accord with this memorandum.

SKEEL, P. J., LIEGHLEY, J., and MORGAN, J., concur.